McKinney, J.,
delivered the opinion of the Court.
This was a peace warrant, issued by a justice of the peace of Hawkins, against the defendant, on the complaint, made on oath, of C. J. Kounts, that he had just cause to fear, and did actually fear, that the defendant would kill his (Kounts’) wife, or do her some great bodily harm, &c. The justice recognized the defendant to appear at the next term of the Circuit Court of Hawkins. In the Circuit Court a motion was entered to quash the warrant, which Avas made absolute, and the defendant discharged. Prom this judgment, the Attorney General prosecuted an appeal in error, on behalf of the State.
The ground for quashing the warrant, it is said, was, that the husband could not resort to this preventive remedy in behalf of his Avife. And the argument has been repeated here, that the husband cannot demand surety of the peace against another for an apprehended danger to the person of his Ayife; that the remedy is *11 personal to the party in fear, by whom the oath must be taken, and in whose name the proceeding must be instituted and conducted.
No authority, directly upon this question, has been adduced on either side. But, in view of the relation of husband and wife, and the nature and purpose of this peculiar remedy — which is not to redress, but merely to prevent the commission of offences — it seems to us that the judgment of the Circuit Court is clearly erroneous ; if not, various classes of society will necessarily be excluded from the benefit and protection of this wise and humane principle of preventive justice. If the doctrine be correct, it must follow that married women, infants of very tender age, persons non compos, and those who are in the condition of slavery, cannot avail themselves of this remedy; because, incapable in law, of occupying the relation of prosecutor.
We have held, that a married woman cannot be prosecutor on an indictment for an injury to her person committed by a stranger; because not liable to a judgment for costs, should the prosecution prove to be frivolous or malicious: nor could she be held answerable in damages to the party injured, for the false imprisonment, or malicious prosecution. Upon the same grounds she is legally disqualified to prosecute a peace warrant. So, it is settled, that if surety of the peace is required against a feme covert, she ought to find security by her. friends, and not to be bound herself, because incapable of binding herself by recognizance: and the same rule applies in the case of infants. See 4 Black. Com., 254.
It must be held, therefore, that the husband, who is bound to protect his wife, may demand surety of the *12 peace in ber behalf, against any one from whom danger to her life or person may be justly apprehended; and it follows, of course, that the oath to obtain the warrant may be taken by him, and the proceeding be conducted by him.
There is no great force in the objection that the husband cannot be presumed to know, and therefore cannot be allowed to swear as to the fear of the wife. He may, in many cases, possess actual knowledge on the subject, and be able safely to swear to the facts required to be established as the ground of this proceeding. ’ But if not, the wife can be brought forward, on the examination in Court, as a witness, to make the proof; and, perhaps, in all cases it would be more satisfactory to require her to testify' as to her own fears and grounds of apprehension. Keeping her back, if able to appear, might justly furnish strong ground of suspicion of combination. But if the wife be disabled i from appearing, the case may be made out by the testimony of the husband, or other evidence showing a sufficient ground for demanding surety of the peace against the defendant.
And this doctrine must, of necessity, be applied to all the domestic relations, including that of master and slave, in cases where the person whose life or person is in danger, is disqualified by law, from taking the oath necessary to obtain the warrant, or from being prosecutor in the case.
The judgment will be reversed, and thé defendant be remanded to the Circuit Court of Hawkins to answer the warrant.